# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-0329V**

| | |
|---|---|
| CHARLOTTE J. BRIDGES,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 15, 2026 |

*H. Forest Horne, Martin & Jones, PLLC, Raleigh, NC, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 7, 2023, Charlotte J. Bridges filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on October 19, 2021. Petition at 1. On July 13, 2026, I issued a decision awarding compensation to Petitioner. ECF No. 40.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,842.14 (representing $25,670.75 in fees plus $2,171.39 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 18, 2026, ECF No. 45. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 45-5.

Respondent reacted to the Motion on September 1, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent notes that a statement of Petitioner's personal costs was not filed with the Motion. Response to Motion at ECF No. 47. On September 15, 2026, Petitioner filed a reply, requesting fees and costs be awarded. ECF No. 48.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees to be awarded appropriate, as explained below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioners request the following hourly rates for work performed by attorney Kelly Elder; $260.00 per hour for work performed in 2022; $315.00 per hour for work performed in 2023; $345.00 per hour for work performed in 2024; $375.00 per hour for work performed in 2025; and $410.00 per hour for work performed in 2026. ECF No. 45-3 at 1. Additionally, for attorney H. Forest Horne, Petitioner requests the rate of $592.00 per hour for time billed in 2025. *Id.* The requested rates for Ms. Elder have been previously awarded and shall be awarded herein, but rates sought for Mr. Horne require adjustment.

At the time of Mr. Horne's billing in March 2025, he was not admitted to practice in the Court of Federal Claims (although he was subsequently admitted in July 2025). To be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In cases where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/clerical rates. *See Kafer v. Sec'y of Health & Hum. Servs.*, No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025) ("An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work."); *Hasanovic v. Sec'y of Health & Hum. Servs.*, No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); *Byrd v. Sec'y of Health & Hum. Servs.*, No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2023); *Schmidt v. Sec'y of Health & Hum. Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020).

The hourly rates applied to Mr. Horne's work performed before he was admitted to the Court's bar will be adjusted to be consistent with The OSM Attorneys' Forum Hourly Rate Fee Schedules for the highest paralegal rate for 2025 - $212.00 per hour. **This reduces the amount of attorney fees to be awarded by $<u>380.00</u>.**[3]

[3] This amount is calculated as follows: rates as follows: $592 - $212 = $380 x 1 hr = $380)

Additionally, the billing records reveal several entries billed for tasks considered administrative in nature.[4] Billing for administrative tasks is not permitted in the Vaccine Program. It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-0010V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Special masters are empowered to make across-the-board cuts in some instances, and here such an overall percentage cut is reasonable. I therefore reduce the total fees to be awarded herein by *five* percent as a fair adjustment to account for the paralegal duties issue mentioned. **Application of the foregoing reduces the total amount of fees to be awarded by $1,283.54**.[5]

## ATTORNEY COSTS

Petitioner requests $2,171.39 in overall costs. ECF No. 45-4. This amount is comprised of obtaining medical records, Westlaw charges, shipping, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of costs listed as "postage" that were not substantiated. **This reduces the costs to be awarded by $67.60.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $26,111.00 (representing $24,007.21 for attorneys' fees and $2,103.79 for attorneys' costs) to be paid through an ACH deposit to Petitioner's counsel's**

---

[4] Entries considered administrative in nature include mailing documents, bates stamping, creating digital files, leaving voicemails, scheduling calls and filing documents. Entries that include administrative tasks include the following: 8/15/22, 11/29/22 (two entries), 12/9/22, 12/21/22, 1/2/23, 1/16/23, 3/6/23, 3/7/23, 3/27/23, 3/28/23, 10/9/23, 1/9/24, 3/19/24, 4/17/24, 4/29/24, 6/19/24 (two entries), 10/16/24, 11/18/24, 12/11/24, 3/19/25, 9/25/25, 7/14/26. ECF No. 45-3 at 2-9.

[5] This amount is calculated as follows: the reduced rate of $25,670.75 x 0.05 = $1,283.5375.

**IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.